# John Kelly, Plff. in Err., *v.* Manayunk & Roxborough Incline Plane & Railway Company.

The grade of a city street was changed by the city authorities. The roadbed of the street was raised. A railway company's track bounded the street on one side. The company raised its tracks by putting them on sleepers or

ties of the new elevation. Before the spaces between these ties had been filled in, a workman engaged in rolling the roadbed of the street slipped on the street, and fell into one of the spaces between these ties. The roller tilted from the street, was caught between the sleepers, and the workman was injured in consequence of the roller falling upon him. When the workman fell he was walking backward, down hill, keeping to the right of the road. In an action for damages brought by the workman against the railway company, *Held*,

(*a*) That it was not error for the court to instruct the jury that they should consider whether this depression between the tracks was the cause of the accident or whether or not it really did protect the plaintiff from receiving greater injury, in having the roller go over him;

(*b*) That the accident was caused by the negligence of the plaintiff himself, and the defendant company could not, under the evidence, be held responsible therefor.

(Argued January 25, 1888. Decided February 20, 1888.)

January Term, 1888, No. 20, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment entered on a verdict for the defendant in an action on the case. Affirmed.

This was an action brought by John Kelly against the Manayunk & Roxborough Incline Plane & Railway Company to recover damages for injuries to the plaintiff caused by the alleged negligence of the defendant company.

The facts of the case were as follows:

On the 5th of August, 1884, plaintiff was leading a pair of horses attached to a heavy roller down a grade on Ridge avenue, in Philadelphia, between Terrace and Dawson streets, to finish the roadbed of macadam. The avenue had been macadamized some time before, and the work had been carried directly up to the railway of the company. This railway bounded the avenue on the west. Plaintiff was in the employ of the contractor, and had been ordered to roll the bed right up to and alongside of the railway. The grade there was about 3 feet to the 100, and he was going down hill, in keeping to the right, according to the law of the road. The roller and horses were thus taken along the edge of the company's road.

The grade of Ridge avenue had been changed by the city authorities, and at the place of the accident, and beyond on either

side, the roadbed had been elevated, or built up. The railway company was bound to raise its tracks, so as to make them and the bed between them conform with the level of the avenue; and it had, in fact, done part of the work. The tracks had been put on sleepers or ties, of the new elevation, but the spaces between these had not yet been filled in. Thus holes of from 10 to 12 inches in depth were left in the roadway, directly at the place where Kelly was managing his roller. He had one horse by the head, and his other hand was grasping the end of the pole; his companion, in like manner, had the other horse by the head, and his other hand grasped the end of the pole from the other side. Kelly was farthest from the railroad tracks.

As to the manner of the accident Kelly testified: "I was going down hill, and the horse stumbled on account of the railway roadbed not being filled up; and I slipped and jumped up again, and then slipped again; and the second time I slipped and could not get up so well, and I could not get out of the road, and the roller fastened my leg, and I could not get out until they lifted me out." He was pinned by the roller, that fell over and into the hole.

The evidence showed that he was facing the horses, and walking backward on the turnpike, when he stumbled and fell. In trying to regain his feet he slipped or rolled some 5 or 6 feet in the turnpike and into one of these holes in the roadway of defendant company. In some manner the roller was drawn toward the railroad, tilted from the turnpike, and was caught between the sleepers and against the plaintiff's leg, causing the injuries for which this suit was brought. The defendant knew the condition of its roadway. The avenue had been completed six months before the accident. No testimony was exhibited on the part of the defendant, and there was no dispute as to the facts.

MITCHELL, J., at the trial in charging the jury said, *inter alia:* "In reference to the opening between the tracks it is for you to consider whether these inequalities caused the accident or really did not contribute to save him from a greater injury than if the roller had passed over him while lying on a level surface."

The defendant submitted, *inter alia,* the following points:

3. The undisputed evidence is that the plaintiff stumbled and fell upon the turnpike, not from any cause or omission of the defendant contributing thereto; that in the effort to regain his

footing he rolled from the turnpike and into the inequalities of the defendant's roadbed; and that either because the horses hauling the roller (which the plaintiff was leading when he fell) were so pulled or left without proper control, they swerved towards the roadbed of the defendant, dragging into it the roller and pulling it upon the plaintiff. Consequently it is obvious that the inequalities of the defendant's roadbed were not the proximate cause of the accident, and I direct you to find a verdict for the defendant.

*Ans.* I cannot affirm that as a legal consequence, but leave it to the jury to say, if from the evidence you find the facts to be that the plaintiff's own negligence contributed to the accident, and more especially that the accident would have happened anyhow whether there was or was not this inequality in the road, and if the plaintiff stumbled and fell on the turnpike and rolled over into the roadway, you should consider these facts as determining whether this accident was caused by the opening in the roadway of defendant or whether, in point of fact, the then condition of the roadway saved him from greater injury. In reference to the opening between the tracks, it is for you to consider whether these inequalities caused the accident or really did not contribute to save him from a greater injury than if the roller had passed over him while lying on a level surface. [1]

4. There is no evidence that the unsafe condition of the defendant's roadbed caused the plaintiff to stumble and fall. The uncontradicted evidence is that it did not; that he stumbled and fell on the turnpike over which the defendant had no control, and there can be no recovery by him against it.

*Ans.* I refuse to affirm that as a binding direction of law; but, as I said before, it is a question for you to consider whether this depression between the tracks was the cause of the accident, or whether or not it really did protect him from receiving greater injury, in having the roller go over him. [2]

5. There is absolutely no dispute about the facts which tend to prove the defendant's alleged negligence, neither any doubt as to the just inferences from them. These facts are that without anything done or omitted by the defendant, leading thereto, the plaintiff stumbled upon the turnpike (which was not under the defendant's control) where he was at work and while leading one of his horses; that he fell upon the turnpike, rolled in front of his horses from the turnpike, and upon the uneven sur-

face of the adjoining roadbed of the defendant; that the horses swerved towards the defendant's roadbed and dragged the roller, which they were hauling, into it, where it ran against and injured the plaintiff. The stumble and fall are therefore purely acts of the plaintiff's negligence; they contributed directly to his injury and prevent his recovery in this suit, and I direct you to find a verdict for the defendant.

*Ans.* As I said before, I cannot say to you as a binding point of law that that is so; but if you find the facts to be as set forth, then it was the plaintiff's own negligence that caused the accident. [3]

6. No matter how unsafe you find the condition of the defendant's roadbed to have been for traveling, if the plaintiff saw its condition, and he has testified that he did, your verdict should be for the defendant, if you find that the accident could have been avoided by the exercise of ordinary skill by the plaintiff in rolling up hill that part of the turnpike nearest the defendant's tracks, and in rolling down hill that part of it farthest from the defendant's tracks.

*Ans.* I affirm that point. If you find that in the exercise of ordinary skill and prudence—that due care which a man ought to take—that the plaintiff should have gone up that side of the road nearest the tracks of the defendant, and down on the side of the road farthest from the tracks, knowing that that would be the safer way to do it, and he did not do it, then the accident would be due to the plaintiff's own negligence, and he cannot recover for these injuries. [4]

Verdict and judgment for defendant.

The assignments of error specified: (1–4) The answers to defendant's points.

*Edward Hough* and *Wm. W. Wiltbank,* for plaintiff in error. —The answers of the court were erroneous in this, that they suggested that, independently of any question of negligence in the actual injury wrought, if the injury might have been greater under other circumstances, the plaintiff was not entitled to recover. Egbert v. Payne, 1 Pennyp. 350; Sartwell v. Wilcox, 20 Pa. 117; Stouffer v. Latshaw, 2 Watts, 165, 27 Am. Dec. 297; Newbaker v. Alricks, 5 Watts, 183; Whitehill v. Wilson, 3 Penr. & W. 405, 24 Am. Dec. 326; Calvert v. Good, 95 Pa. 65.

*Samuel Wagner* and *E. Hunn Hanson,* for defendant in er-

ror.—The question in this case was one of proximate and remote cause. The answers to defendant's points were, therefore, more favorable to the plaintiff than he was entitled to. No state of facts not in evidence was suggested by the judge below.

The court should have given a binding instruction to find for the defendant. Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; West Mahanoy Twp. v. Watson, 112 Pa. 574, 56 Am. Rep. 336, 3 Atl. 866; South Side Pass. R. Co. v. Trich, 117 Pa. 390, 2 Am. St. Rep. 672, 11 Atl. 627.

PER CURIAM:

This is so clear a case of an endeavor to impute to the defendant an accident with which it was not chargeable that the plaintiff's evidence is alone sufficient to defeat his case, and to render extended comment unnecessary.

The judgment is affirmed.